UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. |
| | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| **A4A RÉSEAU INC.,** | ) | |
| **A4A NETWORK INC.,** | ) | |
| **MARC PARENT** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava"), and for its Complaint against the Defendants, A4A RESEAU, INC. and A4A NETWORK, INC., states as follows:

## NATURE OF THE ACTION

1.  This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*.

2.  Plaintiff brings this action to stop Defendants from copying, infringing, promoting, encouraging, enabling and/or facilitating the infringement of Plaintiff's copyrights on the worldwide Internet.

## THE PARTIES

3.  Plaintiff, Flava Works, Inc. ("Flava"), is a corporation incorporated under the laws of the State of Florida with its principal place of business at 833 SW 14th Ave, Miami, Florida 33135, and at 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

4.  On information and belief, Defendants, A4A RESEAU, INC. and A4A NETWORK, INC., are Canadian corporations that created, own or operate the website Adam4Adam.com.

5.  On information and belief, Defendants infringed Flava's copyrighted images by making copies of Flava's images and publishing the copyrighted images for advertisement purposes.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367 and pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.

7.  On information and belief, Defendants actively targeted the Illinois market and consumers.

8.  This Court has jurisdiction over Defendants, because Defendants are subject to personal jurisdiction in the State of Illinois under the Illinois Long Arm Statute. On information and belief, Defendants entered into an affiliate agreement with Flava.

9.  A website that is interactive and commercial in nature that promotes the company or that solicits users from other jurisdictions to engage in a business relationship engaged in an intentional and continuous business contact that subjects the website to personal jurisdiction of the federal courts in those jurisdictions. Publications International, Ltd. v. Burke/Triolo, Inc., 121 F. Supp. 2d 1178 (N.D. Illinois 2000). On information and belief, Adam4Adam is an

interactive and commercial website that promotes Defendants' products or services and allows users to join as a user of the website.

## FACTUAL BACKGROUND

10. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

11. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

12. Plaintiff has applied for and has registered various copyrights for its works. See attached Exhibit "A" for works with registered copyrights.

13. On information and belief, Defendants, A4A RESEAU, INC. and A4A NETWORK, INC., created, owns and operates the website Adam4Adam.com, which is an American online dating website designed for men to meet other men "for friendship, romance, or a hot hookup.

14. At all relevant times, on information and belief, Defendants made copies of Plaintiff's copyrighted images and published the images for advertising purposes.  Exhibit "B".

15. On information and belief, when a user clicks on the aforesaid advertisements, the users is redirected to another website, outside of Plaintiff's website, who is the owner of the images used for the advertisements.  On information and belief, Defendants either own, operate, or control the website to which the user is redirected or the Defendants are paid by third parties for redirecting the web traffic.

16. On information and belief, Defendants, generate advertising revenue from the traffic to its website. On information and belief, at all relevant times, Defendants used Flava's copyright materials on its site to generate increased traffic for Adam4Adam.com.

17. Plaintiff, Flava Works, Inc., has sent Defendants takedown notices pursuant to 17 U.S.C. § 512 *et seq.*, the Digital Millennium Copyright Act. Exhibit "C".

## COUNT I

**(Direct Copyright Infringement as to Defendants– 17 U.S.C. § 501.)**

1-17. Plaintiff incorporates and re-alleges paragraphs 1-18 of this Complaint as paragraphs 1-17 of Count I.

18. Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

19. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act.

20. Defendants' aforesaid activities constitute infringement of Plaintiff's copyrights.

21. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief to prevent future infringement.

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendants.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

a. Restraining and enjoining Defendants from posting on any website(s) material that infringes Flava Works' intellectual property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' intellectual property that is located on third party websites;

b. Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' intellectual property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

c. Restraining and enjoining Defendants from doing any other act, through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d. Restraining and enjoining Defendants from otherwise using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

    e.    Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

    f.    Restraining and enjoining Defendants from otherwise Using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants' website;

    g.    Restraining and enjoining Defendants from otherwise doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected associated with Plaintiff, or Plaintiff's business;

    h.    Restraining and enjoining Defendants from otherwise unfairly competing with plaintiffs in any manner.

3. Requiring Defendants to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Requiring Defendants to cease operation of the website domain Adam4Adam.com and to transfer ownership of Adam4Adam.com immediately to Plaintiff;

5. Disgorging Defendants of any profits they may have made as a result of his infringement of Flava Works' intellectual property;

6. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendants' infringement of Flava Works' intellectual property, the amount of which is to be determined at trial;

7. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendants;

8. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

9. Awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

10. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files bearing any of Plaintiff's trademarks;

11. Ordering that the domain name Adam4Adam.com be transferred to Plaintiff.

12. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:   January 21, 2015            Respectfully Submitted

s/ Juneitha Shambee, Esq.
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, Illinois 60204-0091
(773) 741-3602
ARDC: 6308145