UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  15-cv-00610 |
| | ) | |
| v. | ) | |
| | ) | |
| A4A RÉSEAU INC., | ) | |
| A4A NETWORK INC., | ) | |
| MARC PARENT | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S REPLY TO ITS
MOTION FOR LEAVE TO AMEND COMPLAINT

NOW COMES Plaintiff, Flava Works, Inc., by and through its attorney, Shambee Law

Office, Ltd., and for it Reply to Its Motion for Leave to Amend Complaint, and states as

following:

I.      Plaintiff is Not Barred from Maintaining this Action in this District

Although 803 Ill. Comp. Stat. § 5/13.07 requires that for a foreign corporation to maintain a

civil suit in Illinois courts, there must be a Certificate of Authority filed, this statute applies to

foreign corporations that "transacts business" in the State of Illinois. Illinois courts have

historically taken a liberal view when interpreting what constitutes "transaction business" under

the Illinois Business Corporation Act. It is the law of Illinois that failure to comply with the

Business Corporation Act regarding acquiring a certificate of authority should not be construed

to exclude a foreign corporation from its right to sue to collect money on a transaction arising out

of interstate commerce. *Chicago and Milwaukee Telegraph Co. v. Type Telegraph Co.*, 137 Ill.

App. 131 (Ill. App. Ct. 1907) (where the court stated that under the rules of construction

applicable to statutes of this character, this statute should be construed liberally, and unless

corporations of this character come within the plain provisions of the act, it should not be so construed to nullify their contracts and deprive them of their legal remedies).

A more recent case addressing this issue was in the Illinois Supreme Court in the case of Charter Finance Co. v. Henderson, where the court stated:

> With respect to appellant's contention that appellee was transacting business in Illinois without procuring a certificate of authority from the Secretary of State as required by section 102 of the Illinois Business Corporation Act (Ill. Rev. Stat. 1971, ch. 32, par. 157.102) and hence under provisions of sec. 125 of that Act could not maintain an action in any court in Illinois, we must, in absence of proof to the contrary, assume that appellee was not transacting business in Illinois within the meaning of sec. 102. In view of the fact that appellee had not procured a certificate of authority and of the fact that so far as the record discloses had not been requested to procure such a certificate, we assume that the Charter Finance Company was not in violation of Illinois law.

15 Ill. App. 3d 1065 (Ill. App. Ct. 5th Dist. 1973).

Even in the above actions may have been the transaction of business, the statute may still have been inapplicable. In *Textile Fabrics Corp. v. Roundtree*, 39 Ill. 2d 122, 125, (1968), this court held that our "statutes relative to foreign corporations cannot be given effect in such a way as to impede the federal authority and responsibility to insure the free flow of interstate commerce." In a similar case involving a provision in Mississippi's corporate law identical to section 125, the United States Supreme Court recently reached the same result, holding that "Mississippi's refusal to honor and enforce contracts made for interstate or foreign commerce is repugnant to the Commerce Clause." (*Allenberg Cotton Co. v. Pittman*, 419 U.S. 20, 42 L. Ed. 2d 195, 95 S. Ct. 260 (1974)). As in Charter, it is at least arguable that any transaction taken by Plaintiff as far as conducting business in Illinois involved the flow of money across State lines, were movies and other media was produced to be viewed on the internet and many of the Plaintiff's customers are outside of Illinois, and under Roundtree and Allenberg, Illinois courts cannot refuse to enforce Plaintiff's action in this court for lack of Certificate of Authority.

Under the Erie Doctrine, created by the precedent case *Erie R. Co. v. Tompkins,* 302 U.S. 671 (U.S. 1937), courts typically look to state law when interpreting state statutes, but when the constitutionality of certain state statutes are questioned, federal courts would then take an expedition on a constitutionality inquiry of the interpreted state law. Such an inquiry was taken in *Eli Lilly & Co. v. Sav-On-Drugs, Inc.,* 366 L-.S. 276, 81 S. Ct. 1316 (1961) (where the court held that revenue statutes requiring a foreign corporation to register before doing business within a state are constitutional **if the transactions of the foreign corporation are intrastate in character**. The Court in viewing the totality of the business activities of Eli Lilly in New Jersey found it overwhelmingly clear that the corporation was involved in intrastate commerce).

The burden of proof lies on the party raising that defense. *Supra Charter* (where court found that appellants has cited no authority interpreting the meaning of "transacting business in this State).

Plaintiff in this matter is a small film company that conducts the business of producing short films (filmed in Florida) and uploading its copyrighted protected work to its website to be viewed by paying customers online. Plaintiffs does not only seek out customers in Illinois, but rather advertises on the internet its websites and content for paid viewing. Although Plaintiff maintains an office in Chicago, Illinois, this is not enough to subject it to § 13.07 for transaction business. All of the business conducted by Plaintiff is part of interstate commerce and Illinois does not intend to impede on interstate commerce.

Defendants does not point to any facts or law that state that Plaintiff falls under the Illinois Business Corporation Act. Defendants have the burden, it is not shifted to Plaintiff to prove it is subject to the Act. Defendants have failed to prove their burden.

Therefore, Defendants argument that Plaintiff cannot maintain an action in this court should be held invalid and stricken.

## II.     Nothing prevents Plaintiff from Proceeding with this Matter

Defendant argues that Plaintiff should not be able to continue with this matter until it complies with a Florida Court Order. Plaintiff filed the instant Complaint on January 21, 2015. This Complaint preceded Defendant's Southern District of Florida Motion for Attorney Fees. After this Complaint was filed, Defendant filed its motion for fees with the Florida court, which later entered an order for Defendant after reducing the amount in the prayer by a significant amount. Under Rule 41(d) a court entering the order "*may stay the proceedings until the plaintiff has complied*", but the statute does not force it to do so. The court in the Southern District of Florida did not feel compelled to stay proceedings and did not reflect this language in its Order.

Plaintiff, in its response, attempts to force this court to do what the Southern District of Florida court did not feel necessary to do. Defendants' motion for fees was in a different proceeding and took place after this Complaint was filed in this court. This District Court did not have anything to do with the Order entered in the Southern District of Florida. There was no Order from the Southern District of Florida to this Court asking that this Court further act on its Order. If the court entering the Order wanted that language to be added to the Order, it would have done so. The Southern District of Florida is fully aware of the law and what remedies are available and the absence of the language requiring a stay of any proceedings, it must be assume that it was not the Order of the court. For the Defendants to come before this court and demand it adds language to an Order for a proceeding that was not before this court is bold and inappropriate.

### III.     Plaintiff, As of Right, Can Amend the Complaint Without Order from the Court

Federal Rules of Civil Procedure 15 (a) (1) states in pertinent part: A party may amend its pleading once as a matter of course within. Fed. R. Civ. Pro. 15(a) (1). There is a replete of case law that follows and interprets this statute as such. *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir. Ohio 1947) (where the appellee had filed no responsive pleading to the complaint, appellant was entitled to amend as a matter of course. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Leave of the District Court was not necessary, but it was error to deny the leave when asked.); *Alioto v Cowles Communications, Inc.*, 623 F2d 616 (1980, CA9 Cal) (Under Rule 15(a), party may, as matter of right, amend complaint once before filing "responsive pleading" or entry of final judgment filing dismissal of action.); *De La Cruz-Saddul v Wayne State University*, 482 F Supp 1388 (1980, ED Mich) (Right to amend without leave where no answer has been filed is clear under Rule 15.); *Nicely v United States Steel Corp.*, 574 F Supp 184 (1983, WD Pa) (By filing unnecessary motion for leave to amend, plaintiff does not waive his right to amend complaint as of right at any time before responsive pleading is filed.)

When asked for leave to amend, courts have found that such request should not be denied. *Foman v. Davis*, 371 U.S. 178 (U.S. 1962) (Rule 15 declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." And although the discretion is on the court, outright refusal to grant the leave without any justifying reason appearing for the denial is not an

exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules).

Plaintiff in this matter filed its unnecessary motion for leave to amend, attaching the Amended Complaint to the motion, before any responsive pleading was filed. Defendants only filed a Motion to transfer, which is not a responsive pleading to the Complaint. *See supra. Rogers v. Girard Trust Co.* (summary judgment filed after Complaint was not a responsive pleading). Plaintiff has a right to file an Amended Complaint, which included additional counts involving the same parties to the case. Plaintiff did not file bad faith allegations in attempts to delay the proceedings and the amendment does not prejudice the Defendants in the matter.

## CONCLUSION

It has been made apparently clear by the above statements that Plaintiff's Motion for Leave to Amend should be granted without delay.

WHEREFORE, Plaintiff respectfully moves this court to:

A.  Grant its Motion to Amend;

B.  Adopt the attached Amended Complaint; AND

C.  For such other relief as this court deems just.

Respectfully Submitted,

s/ Juneitha Shambee, Esq.

Attorney No.: 6308145
Shambee Law Office, Ltd.
P.O. Box 91
Evanston, Illinois 60204
(773) 741-3602
shambeelaw@gmail.com