✎ AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

   In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION    ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO. | DATE FILED | |

| PLAINTIFF | DEFENDANT |
|---|---|
|  |  |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

   In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |
|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | . | |

   In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order    ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes    ☐ No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

**DISTRIBUTION:**
1) Upon initiation of action,
   mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights
3) Upon termination of action,
   mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court      5) Case File Copy

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Flava Works, Inc. | ) | |
|     Plaintiff | ) | Case No: 15 C 610 |
| | ) | |
| v. | ) | |
| | ) | Judge: Samuel Der-Yeghiayan |
| A4A Reseau, Inc., et al. | ) | |
|     Defendants | ) | |
| | ) | |

### ORDER

For the reasons stated in the Court's memorandum opinion dated 04/28/15, Defendants' motion to transfer [6] is granted. The instant action is hereby ordered transferred to the U.S. District Court for the Southern District of Florida, Miami Division, forthwith.  All pending dates before this Court are stricken.

Date: April 28, 2015                                    /s/ _____
                                                                       Samuel Der-Yeghiayan
                                                                       U.S. District Court Judge

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
-
By: s/ ANTHONY J. SQUILLANTE
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
-
April 28, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 15 C 610 |
| | ) |
| A4A RESEAU, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to transfer. For the reasons stated below, the motion to transfer is granted.

## BACKGROUND

Plaintiff Flava Works, Inc. (Flava) allegedly produces adult entertainment materials in the form of DVDs, magazines, websites, pictures, streaming video and various other media. Flava allegedly distributes such materials though distributors, licensees, and websites. Flava also claims that it owns copyrights relating to certain images (Copyrighted Images) used in its adult entertainment materials. According to Flava, Defendants are operating a website and are utilizing the Copyrighted Images on the website for advertising purposes without the permission of Flava. Flava

1

includes in its complaint claims for copyright infringement, brought pursuant to 17 U.S.C. § 501.  Defendants now move to transfer the instant action to the United States District Court for the Southern District of Florida, Miami Division.

## LEGAL STANDARD

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) (Section 1404(a)) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a).  In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district.  *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

## DISCUSSION

Defendants move to transfer the instant action to the Southern District of Florida.  The parties have not disputed that the Northern District of Illinois and the Southern District of Florida are proper venues.  (Trans. 3); (Ans. 4).

I.  Flava's Choice of Forum

Flava argues that its choice of forum is entitled to deference.  (Ans. 2).  In

considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). While this court should given deference to Flava's choice of the instant forum, Flava's choice is not dispositive. The court also notes that Defendants have shown that Flava chose initially to proceed in a virtually identical action in the Southern District of Florida (Florida Action), only to voluntarily dismiss the suit once Defendants had filed an answer in that action. Defendants indicate that they have since filed a declaratory judgment action in the Southern District of Florida (Declaratory Action) that addresses the issues presented in the instant action, and have also filed a motion in the Florida Action seeking to have the dismissal set aside and to have the case reinstated. Thus, although at the moment Flava indicates that its choice of forum is this district, the record shows that it has been inconsistent in its choice of forum and that Defendants have expended significant attorney's fees litigating in the Southern District of Florida.

II.  Convenience of Parties and Witnesses

Defendants argue that the convenience of the parties and witnesses would be best served by a transfer of the instant action to the Southern District of Florida.

3

Flava cannot claim any great inconvenience in proceeding in the Southern District of Florida since it chose to initially proceed in that district. Flava contends that although it is incorporated in Florida, its principal place of business is located in Illinois and that Phillip Bleicher (Bleicher), the CEO of Flava, resides in Illinois. (Ans. 4); (DE 19-4: Par. 8). However, the record indicates that Flava has one main office, which is located in Miami, Florida. (DE 19-4: Par. 4). Thus, significant Flava operations occur in Miami. Defendants have also shown that pertinent witnesses and records are located in the Southern District of Florida. Defendants have presented sufficient evidence to show that the convenience of the parties and witnesses would clearly be best served by a transfer of the instant action to the Southern District of Florida.

III. Interest of Justice

Defendants contend that the interest of justice would be promoted by a transfer to the Southern District of Florida. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the

transferor district.  *In re National Presto Indus., Inc.*, 347 F.3d at 664.  In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221.  The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim.  *Id.*

The record reflects that Flava initially chose to proceed in the Southern District of Florida and that after Defendants filed an answer to Flava's complaint in the Florida Action, Flava opted to abandon that suit and file an action in the instant district.  Such a capricious usage of the court system and potential forum shopping does not promote judicial economy or the efficient administration of justice.  Defendants have also presented a recent order from the Florida Action in which the court awarded attorney's fees to Defendants because of Flava's gamesmanship in filing the Florida Action only to voluntarily dismiss the action and refile it in this district after Defendants appeared in the Florida Action.  (Reply Ex. A).  The court in the Florida Action awarded Defendants $28,060.57 in attorney's fees.  (Reply Ex. A).  Such an amount in fees shows that Defendants expended a significant amount of resources litigating in the Southern District of Florida.  The fact that this same action was previously pursued in the Southern District of Florida and that the Declaratory Action is proceeding there as well are indications that the Southern District of Florida has familiarity with the issues presented in this case and can more efficiently preside over this case.  A transfer will also facilitate the consolidation of related cases and help to avoid the possibility of inconsistent rulings upon the issues

presented in this case. Thus, the interest of justice factor clearly favors a transfer. Therefore, based on the above, the Southern District of Florida is clearly a more convenient forum and the motion to transfer is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to transfer the instant action to the United States District Court for the Southern District of Florida, Miami Division is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 28, 2015