UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

A4A RESEAU, INC. and MARC PARENT,                      CASE NO. 1:15-cv-20245-MGC

      Plaintiffs/Counter-Defendants,

vs.

FLAVA WORKS, INC. and PHILLIP BLEICHER,

      Defendants/Counter-Plaintiffs.

_____/

### PLAINTIFFS/COUNTER-DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO CAUSE TO CONTINUE PROCEEDINGS [DE-67]

Plaintiffs/Counter-Defendants, A4A RESEAU, INC. and MARC PARENT ("Plaintiffs"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and Fed. R. Evid. 201, respectfully request that the Court take judicial notice of the following adjudicative facts in opposition to Defendants/Counter-Plaintiffs' Cause to Continue Proceedings [DE-47] ("Cause").

1.     This Court entered an Order to Show Cause [DE-64], which required Defendants/Counter-Plaintiffs FLAVA WORKS, INC. and PHILLIP BLEICHER ("Defendants") to show cause why their action against Plaintiffs herein should not be stayed for non-payment of attorney's fees as ordered by Judge Lenard in 14-civ-23208-Lenard ("Initial Action"). Judge Leonard's order ([DE-46] in Initial Action) is hereby referred to as the "Award Order."

2.     The Order to Show Cause also required Defendants to comply with the Award Order by August 24, 2015, which they have failed to do [DE-68, 71]. Defendants noted in their Notice of Non-Payment [DE-68] that PHILLIP BLEICHER ("BLEICHER") was never a party to

1

the Award Order in the Initial Action. Nonetheless, neither of the Defendants remitted a payment.

3.　　　On August 24, 2015, Defendants filed their Cause, which alleged the following causes for continuation:

    a.　Defendants' Motion for Reconsideration of the Award Order currently pending in front of Judge Leonard [DE-47-1], which Plaintiffs "have not answered;"

    b.　BLEICHER was never a party to the Award Order, and therefore is not responsible for paying the Award Order;

    c.　"[N]o party should be barred access to the courthouse because of their inability to pay for it…"; and

    d.　Other causes which are the subject of Defendants' Motion for Reconsideration.

4.　　　In the Initial Action, Plaintiffs have filed their Response in Opposition to Motion for Reconsideration that contains adjudicative facts relevant to a determination of the claims presented in Defendants' Cause, particularly relevant to Defendants' causes in ¶¶3(a) and 3(d) above.

5.　　　Plaintiffs have also filed therein a Motion for Proceedings Supplementary and a Motion to Compel a Discovery Response that contain adjudicative facts relevant to a determination of the claims presented in Defendants' Cause, particularly relevant to Defendants' causes in ¶¶3(b) and 3(c) above.

6.　　　Plaintiffs hereby respectfully request that the Court take judicial notice of the following adjudicative facts:

a.  Response in Opposition to Motion for Reconsideration filed in the Initial Action (***Exhibit "A"***);

b.  Motion for Proceedings Supplementary filed in the Initial Action (***Exhibit "B"***) and the Reply thereto (***Exhibit "C"***);

c.  Motion to Compel a Discovery Response filed in the Initial Action (***Exhibit "D"***) and the Reply thereto (***Exhibit "E"***); and

d.  Judge Lenard has not yet ruled on either of the three (3) motions listed above.

7.      Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004); Fed. R. Evid. 201(a) and (b); *see also* Fed. R. Evid. 201(a). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Id.*

8.      It is undisputed that proceedings supplementary in the Initial Action (*Exhibits B, C*) may result in FLAVA WORKS, INC. ("FLAVA")'s corporate veil being pierced, subjecting BLEICHER to the Award Order and/or impleading him into the Initial Action. Therefore, legal justification exists to extend the stay to BLEICHER.

9.      It is also undisputed that the discovery sought in the Initial Action (*Exhibits D, E*) includes evidence concerning Defendants' alleged "inability to pay" as well as any assets that could satisfy the Award Order.

10.     Furthermore, it is undisputed that the ongoing post-judgment proceedings in the Initial Action, reflected in the attached documents, are imperative to the determination of the claims presented in this action, specifically, Defendants' Cause and a stay of the infringement action.

3

11.     One category of adjudicative facts includes facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1). A court also may take judicial notice of public records. *Universal Express, Inc. v. U.S. Securities and Exchange Commission*, 177 Fed. Appx. 52, 53 (11th Cir. 2006).

12.     Judicial notice of appropriate adjudicative facts may be taken at any stage in a proceeding. Fed. R. Evid. 201(d). Courts have wide discretion to take judicial notice of facts. *Dippin' Dots, Inc.*, 369 F.3d at 1204; Fed. R. Evid. 201(c).

13.     Because the attached documents are relevant to a determination of claims presented in this case, and not subject to reasonable dispute, judicial notice should be taken thereof.

Dated: August 28th, 2015.                                    Respectfully submitted,

                                                                         **BRADLEY LEGAL GROUP, P.A.**
                                                                         *Counsel for Plaintiffs/Counter-Defendants*
                                                                         15 Northeast 13th Avenue
                                                                         Fort Lauderdale, Fl 33301
                                                                         Tel: (954) 523-6160
                                                                         Fax: (954) 523-6190


                                                        By:     /s/ John F. Bradley
                                                                John F. Bradley, Esq.
                                                                Fla. Bar No. 0779910
                                                                jb@bradlegal.com

4

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 28th, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or *pro se* parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    <u>/s/ John F. Bradley</u>
John F. Bradley, Esq.
Fla. Bar No. 0779910
<u>jb@bradlegal.com</u>

*Bradley Legal Group, P.A., 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*

<u>**SERVICE LIST**</u>

Matthew H. Zukowsky, Esq.
<u>matthew.zukowsky@gmail.com</u>
*Attorney for Defendants/Counter-Plaintiffs*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, Florida 33137
Tel: (561) 445-9471
<u>**Service via CM/ECF**</u>

Joshua H. Sheskin, Esq.
<u>JHS@SheskinLaw.com</u>
<u>Service@SheskinLaw.com</u>
*Attorney for Defendants/Counter-Plaintiffs*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: (786) 529-0420
<u>**Service via CM/ECF**</u>

Juneitha Shambee, Esq.
<u>shambeelaw@gmail.com</u>
*Attorney for Defendants/Counter-Plaintiffs*
Shambee Law Office, Ltd.
PO Box 91
Evanston, IL 60204
Tel: (773) 741-3602
<u>**Service via CM/ECF**</u>

*Bradley Legal Group, P.A., 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160*