**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,
vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

    Defendants.
_____/

**REPLY IN SUPPORT OF MOTION FOR PROCEEDINGS SUPPLEMENTARY**

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 69(a) and § 56.29, Fla. Stat., hereby file this Reply in Support of Motion for Proceedings Supplementary ("Motion") [DE-61], in opposition to Motion in Opposition of Proceedings Supplementary [DE-63], and in support thereof, state:

**I.**   **Motion In Opposition of Proceedings Supplementary [DE-63] Is Actually a Response to Motion [DE-61]**

1.     Although titled a "motion," Plaintiff/Judgment Debtor FLAVA WORKS, INC. ("FLAVA")'s Motion In Opposition of Proceedings Supplementary [DE-63] is actually an opposing memorandum of law to Judgment Creditors' Motion pursuant to S.D. Fla. Local Rule 7.1(c).

2.     Therefore, Judgment Creditors are treating FLAVA's purported "motion" as a response to their Motion ("Response").

1

3. FLAVA's Motion for Reconsideration of the Award of Attorneys' Fees Under Fed. R. Civ. P. 60(b) and 41(d), which FLAVA incorporated into its Response [DE-63], will be timely responded to in a separate filing, responding to it as a separate motion.

## II. Response [DE-64] Was Untimely

4. Judgment Creditors filed their Motion on July 24, 2015.

5. Pursuant to S.D. Fla. Local Rule 7.1(c), FLAVA's Response thereto was due no later than August 10, 2015.

6. Although this Court did not grant FLAVA an enlargement of time to file its opposition brief, FLAVA filed its Response on August 13, 2015 [DE-63].

7. FLAVA's Response was therefore untimely.

8. This is not FLAVA's first untimely response. *See* Order [DE-36] ("Due to Plaintiff's failure to timely respond or show cause why the Court should not award Defendants attorneys' fees, on March 5, 2015, the Court granted Plaintiff's Motion for Attorneys' Fees."); *see also* FLAVA's Response to Motion to Compel Discovery Response [DE-64] along with the Judgment Creditors' reply contemporaneously filed herewith addressing same.

9. Pursuant to S.D. Fla. Local Rule 7.1(c), failure to timely serve an opposing memorandum "may be deemed sufficient cause for granting the motion by default."

10. "A party's failure to timely file an opposition in compliance with Local Rule 7.1(C) can serve as a basis for sanctions." *Mana Internet Solutions, Inc. v. Internet Billing Co., LLC*, 2007 WL 1455973, FN-2 (S.D. Fla. May 16, 2007).

11. "Absent a pattern of delay, willful contempt, or contumacious conduct this Court does not agree that four days justifies depriving the Plaintiff of his day in court." *Hurtado v.*

*Aramarkcorp.*, 2014 WL 4907478, *2 (S.D. Fla. September 30, 2014) (plaintiff filed its response to a motion to dismiss four (4) days after it was due).

12. FLAVA has exhibited a pattern of delay, and should therefore be sanctioned for its conduct as this Court deems just and proper.

**III. Response [DE-64] Is Substantively Deficient**

13. Judgment Creditors currently hold a judgment against FLAVA in the amount of $28,060.57 [DE-46], which FLAVA has been admittedly refusing to satisfy [DE-61-6].

14. FLAVA has been using various delay tactics in an attempt to (1) avoid paying the judgment, and (2) cause Judgment Creditors to "continue to pay outrageous and unnecessary legal fees." [DE-61-1].

15. On April 7, 2015, this Court awarded Judgment Creditors their reasonable attorney's fees. [DE-46]. Only fifteen (15) days thereafter, on April 22, 2015, FLAVA, **_a Florida corporation_** (see Complaint [DE-1] at ¶3), filed its Articles of Dissolution with the Florida Department of State (*see* [DE-61-3]), six (6) days after its principal, Phillip Bleicher, formed a successor corporation in Illinois also named "Flava Works, Inc." ("Flava-Illinois") on April 16, 2015 (*see* [DE-61-5]).

16. FLAVA and Flava-Illinois are not one and the same. Flava-Illinois, which is not a party to this action (see Complaint [DE-1] at ¶3) or the other actions pending in front of Judge Cooke in this District (Case No. 15-Civ-20245-COOKE/TORRES), is an entirely distinct entity formed when FLAVA dissolved. Contrary to FLAVA's statements in its Response, FLAVA is **_not_** "now located in Illinois." It is only Flava-Illinois that is located there. The record and the records of the States of Florida and Illinois are devoid of any evidence that the FLAVA entity was moved and/or transferred to Illinois. See [DE-61-3, 5].

17. Notwithstanding, FLAVA and Flava-Illinois's principal Phillip Bleicher's statements dated July 23, 2015, indicating that they "have no money" and that Judgment Creditors "will not get any attorney's fees (even if awarded)" [DE-61-6], further support Judgment Creditors' relief sought in their Motion for Proceedings Supplementary [DE-61] filed the following day, on July 24, 2015, and seeking the option to seize FLAVA's intellectual property to satisfy the outstanding judgment. If FLAVA had no liquid assets, as alleged by Mr. Bleicher ([DE-61-6]) and FLAVA ([DE-63] at p. 10), and if proven by FLAVA's outstanding responses to Request to Produce in Aid of Execution [DE-60-1] and Fact Information Sheet [DE-58], FLAVA's intellectual property subject to this action is the only certain FLAVA's asset known by Judgment Creditors.

18. Judgment Creditors understand that viable assets of the Judgment Debtor as of July 21, 2015 include certain intellectual property, namely, copyright registrations and/or unregistered copyrights and the inventory and goodwill associated therewith, including, without limitation, U.S. Copyright Registration Nos. PA0001668012, VA0001861558, VA0001861561, possibly other copyright registrations or unregistered copyrights, and top level internet domain registrations, including, but not limited to, www.flavamen.com, www.flavaworks.com, www.cocoboyz.com, www.rawrods.com, and www.cocodorm.com. [DE-61-7].

19. FLAVA's argument that proceedings supplementary are unnecessary or inappropriate due to there being no evidence of fraud or fraudulent transfers is without merit and entirely irrelevant, because "the statute does not require a judgment creditor to allege a fraudulent transfer in order to use proceedings supplementary to aid in the execution of its judgment." *Sanchez v. Renda Broadcasting Corp*, 127 So.3d 627, 629 (Fla. 5th DCA 2013). Nonetheless, given that FLAVA and Flava-Illinois bear an identical name, proceedings

supplementary are necessary to uncover any potential fraudulent transfers of FLAVA's assets to Flava-Illinois, Phillip Bleicher, or any other third parties, which may not be otherwise discoverable or evident on their face. Absent any transfers, all assets owned by FLAVA should still be within its possession and control, although without the mechanism provided by proceedings supplementary, it may be impossible to determine whether any transfers to Flava-Illinois have in fact occurred[1]. However, FLAVA's allegations that it moved to Illinois with its CEO/President, Mr. Bleicher, are indicative of the likelihood of such transfers from FLAVA to Flava-Illinois. Therefore, FLAVA's allegations that there is no evidence of any fraudulent transfers are insufficient and potentially false. Proceedings supplementary are necessary herein so that any such transfers can be uncovered, whether to Flava-Illinois or any other third parties, and if such transfers occurred including to Mr. Bleicher, to then piece FLAVA's corporate veil.

20. FLAVA must satisfy the judgment even before its re-filed action pending in front of Judge Cooke may proceed. However, Judgment Creditors may also be awarded by this Court their additional incurred reasonable expenses, as required by Fed. R. Civ. P. 37(a)(5)(A), Fed. R. Civ. P. 37(a)(5)(C), § 56.29(11), Fla. Stat., and in connection with FLAVA's Motion for Reconsideration. Nonetheless, such additional award is not the subject of Judge Cooke's current Order to Show Cause requiring FLAVA to satisfy the judgment by August 24, 2015, or else its action will be stayed.[2] Therefore, even if FLAVA satisfied the existing judgment, which it has

---

[1] However, given the fact that the intellectual property assets were owned by FLAVA as recently as on July 21, 2015, such a transfer would have occurred after FLAVA incurred the debt which is the subject of this Motion and would be subject to an order of this Court reversing such a transfer and taking the property to satisfy the execution, pursuant to Uniform Fraudulent Transfer Act, § 726.108, Fla. Stat., and Proceedings Supplementary, § 56.29, Fla. Stat.

[2] Should FLAVA fail to comply, Judgment Creditors' declaratory relief action against FLAVA and Mr. Bleicher is not subject to stay.

5

failed to do so as ordered by Judge Cooke, Judgment Creditor is entitled to an additional award in connection with its efforts and FLAVA's post-judgment conduct.

21. FLAVA further alleges that the Motion is procedurally deficient simply because (1) the affidavit in support of the Motion [DE-61-8] lacks a list of parties to be impleaded, and (2) FLAVA is now located in Illinois. As explained above, FLAVA's allegation that it is located in Illinois is false, and so Judgment Creditors had no reason to establish that FLAVA "was moved for any illegitimate reason," since FLAVA is a Florida corporation (*see* Complaint [DE-1] at ¶3), which dissolved fifteen (15) days after this Court entered the judgment (*see* [DE-61-3]).

22. A list of parties to implead is not a jurisdictional prerequisite to proceedings supplementary pursuant to § 56.29, Fla. Sta. "It is quite clear that section 56.29 requires ***only*** the filing of ***an affidavit showing a valid unsatisfied writ of execution*** on any assets prior to instituting supplementary proceedings." *Standard Property Inv. Trust, Inc. v. Luskin*, 585 So.2d 1099, 1102 (Fla. 4th DCA 1991) (quoting *Continental Cigar Corp. v. Edelman & Co.,* 397 So.2d 957 (Fla. 3d DCA 1981) (rejecting earlier court decisions requiring two jurisdictional prerequisites for post-judgment proceedings supplementary: (1) a returned and unsatisfied writ of execution and (2) an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impled)) (emphasis added). As Judge Cohn stated in *Bodywell Nutrition, LLC v. Fortress Systems, LLC*, 846 F.Supp.2d 1317 (S.D. Fla. February 21, 2012) (where plaintiff filed a motion for proceedings supplementary *and to implead a third party*):

> Proceedings supplementary are a procedural mechanism that provides a judgment creditor with means to investigate assets of the judgment debtor that might be used to satisfy a judgment and are governed by Fla. Stat. § 56.29. *Office Building, LLC v. CastleRock Security, Inc.*, No. 10–61582–Civ, 2011 WL 1674963, at *2 (S.D.Fla. May 31, 2011) (Leonard, J.). Under § 56.29, a judgment creditor ***may*** implead third parties to expeditiously discover a judgment debtor's assets and

6

subject them to "a speedy and direct proceeding in the same court in which the judgment was recovered." *Id.* (quotations omitted) (emphasis added).

23. "Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07–60294, 2011 WL 915669, at *2 (S.D. Fla. Mar. 16, 2011).

24. Judgment Creditors are not impleading any third parties in their Motion, and so the supporting affidavit clearly needs not to list any third parties to be impleaded. Commonsensically, such requirement only applies when judgment creditors are impleading third parties in a motion for proceedings supplementary. As the court stated in *Biel Reo, LLC v. Barefoot Cottages Development Co., LLC*, 156 So.3d 506, 509 (Fla. 1st DCA 2014) (citations omitted):

> What is required for a judgment creditor to initiate proceedings supplementary to execution is to file a motion and an affidavit averring specific information about the judgment or judgment lien and the existence of an unsatisfied execution. §56.29(1), Fla. Stat. The same applies when third parties are impleaded, in which case, the affidavit ***should*** also list the parties to be impleaded. (Emphasis added).

25. If Judgment Creditors were impleading any third parties, which they are presently not, the affidavit they filed in support of their Motion had already satisfied the prerequisite thereto. As the court pointed out in *Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla. 4th DCA 1994):

> The predicate for impleading a third party under section 56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution is valid and outstanding. . . No other showing is necessary in order to implead the third party.

26. Pursuant to § 56.29(5), Fla. Stat. this Court "may order any property of the judgment debtor, not exempt from execution. . . to be applied toward the satisfaction of the judgment debt." § 56.061, Fla. Stat., defines "property subject to execution" as follows:

7

> Lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to levy and sale under execution. Likewise, the interest in personal property in possession of a vendee under a retained title contract or conditional sale contract shall be subject to levy and sale under execution to satisfy a judgment against the vendee. This shall be done by making the levy on such personal property.

27. In this District, intangible assets such as intellectual property are amenable to execution under the statute. *See* Order Granting Motion for Proceedings Supplementary [DE-102] in Case No. 02-Civ-23124-UNGARO (trademarks).

28. FLAVA failed to establish that its intellectual property is exempt from execution. Therefore, FLAVA's intellectual property, including its copyrights and domain registrations, are subject to execution herein.

**IV. Objections to Discovery Requests [DE-60-1] Are Untimely, Precluded, and Misplaced**

29. FLAVA's filing contains purported objections ([DE-63] at pp. 18-19) to Judgment Creditors' Request for Production in Aid of Execution [DE-60-1] ("Request").

30. FLAVA attempts to object "because of the overly broad scope included in "Definitions and Instructions" Number Thirteen [which] asks for a scope of about four years beyond what is relevant, some requests ask for even longer than that, and are also objectionable." FLAVA further objects therein to specific items from the Request, namely, nos. 3-16, 19, 20, and 22.

31. FLAVA failed to directly address its objections in a timely "Objection" directed at Judgment Creditors and also to include them in its Response to Motion to Compel [DE-64]. The objections are therefore procedurally misplaced.

32. Perhaps most importantly, however, FLAVA's objections are untimely, and FLAVA is therefore precluded from asserting same, as explained in Judgment Creditors' Reply in Support of their Motion to Compel filed simultaneously herewith. *Lane v. Guaranty Bank*,

8

2013 WL 4028185, *1 (M.D. Fla. August 7, 2013); *see also Siddiq v. Saudi Arabian Airlines Corp.,* No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485 *3 (M.D. Fla. Dec.7, 2011) (stating that a party that does not assert objections to discovery within time permitted by rule, stipulation, or court order, waives objections and is precluded from asserting objections in response to a motion to compel).

WHEREFORE, Judgment Creditors respectfully request that this Court sanction FLAVA for its untimely Response, compel FLAVA to fully and adequately respond, without objections, to the Request within ten (10) days, award Judgment Creditors their reasonable expenses, including attorney's fees, incurred in making this Motion, order execution on FLAVA's intellectual property, and grant Judgment Creditors any other relief this Court deems just and proper under the circumstances.

Dated: August 24, 2015.                    Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants/Judgment Creditors*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:    /s/ John F. Bradley
       John F. Bradley, Esq.
       Fla. Bar No. 0779910
       jb@bradlegal.com

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 24th day of August, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

      By:    /s/ John F. Bradley
                  John F. Bradley, Esq.
                  Fla. Bar No. 0779910
                  jb@bradlegal.com

**SERVICE LIST**

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
*Attorney for Plaintiff*
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Plaintiff*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: 786-529-0420
Fax: 786-332-5349
**Service via CM/ECF**