# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

      Plaintiff,

vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

      Defendants.

_____/

**MOTION TO COMPEL A DISCOVERY RESPONSE TO
FIRST REQUEST FOR PRODUCTION IN AID OF EXECUTION**

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 37(a) and 69(a)(2), and S.D. Fla. L.R. 26.1(i), hereby file this Motion to Compel a Discovery Response to First Request for Production in Aid of Execution ("Motion"), and in support thereof, state:

1.      Judgment Creditors currently hold a judgment against Plaintiff/Judgment Debtor FLAVA WORKS, INC. ("FLAVA") in the amount of $28,060.57 [DE-46].

2.      On June 19, 2015, pursuant to Fed. R. Civ. P. 69(a)(2), Judgment Creditors served their First Request for Production in Aid of Execution ("Request") on FLAVA's counsel via e-mail. A true and correct copy of the Request is attached as ***Exhibit "A"*** hereto.

3.      FLAVA has completely failed to respond to the discovery sought.

4.      FLAVA has not objected to the Request.

5.      FLAVA has not sought a protective order in connection with the Request.

1

6. FLAVA has not requested an extension of time to respond to the Request with either the Judgment Creditors or this Court.

7. On July 23, 2015, pursuant to Fed. R. Civ. P. 37(a)(1), Judgment Creditors have in good faith conferred or attempted to confer with FLAVA's counsel of record in an effort to obtain the discovery without court action, but received no response from the counsel of record.

8. On July 24, 2015, FLAVA's newly appeared counsel has not agreed to the relief sought herein.

9. Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) and S.D. Fla. L.R. 26.1(i)(2), Judgment Creditors hereby move for an order compelling said discovery.

10. Pursuant to S.D. Fla. L.R. 26.1(i)(1), this Motion is timely.

11. Furthermore, should this Court grant this Motion, or should the requested discovery be provided after the filing of this Motion, Judgment Creditors hereby request that this Court require FLAVA to pay the Judgment Creditors' reasonable expenses incurred in making this Motion, including attorney's fees, as required by Fed. R. Civ. P. 37(a)(5)(A).

12. Also, should this Court grant this Motion in part, Judgment Creditors hereby request that this Court apportion the reasonable expenses for the Motion in accordance with Fed. R. Civ. P. 37(a)(5)(C).

WHEREFORE, Judgment Creditors respectfully request that this Court enter an Order granting their Motion, compelling FLAVA to fully and adequately respond to the Request within ten (10) days or as this Court deems proper, awarding Judgment Creditors their reasonable expenses, including attorney's fees, incurred in making this Motion, and granting Judgment Creditors any other relief this Court deems just and proper under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Fed. R. Civ. P. 37(a)(1) and S.D. Fla. L.R. 7.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion, including the party failing to make discovery, in a good faith effort to resolve the issues and obtain the discovery without court action, who have not agreed to the relief sought herein.

Dated: July 24, 2015.                    Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants/Judgment Creditors*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:    /s/ John F. Bradley
       John F. Bradley, Esq.
       Fla. Bar No. 0779910
       jb@bradlegal.com

## CERTIFICATE OF SERVICE
## OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 24th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

3

By:    <u>/s/ John F. Bradley</u>
       John F. Bradley, Esq.
       Fla. Bar No. 0779910
       jb@bradlegal.com

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

## SERVICE LIST

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
*Attorney for Plaintiff*
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Plaintiff*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: 786-529-0420
Fax: 786-332-5349
**Service via CM/ECF**

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.

                  Plaintiff,

vs.

A4A RESEAU, INC.
A4A NETWORK, INC.
MARC PARENT

                  Defendants.

_____/

## FIRST REQUEST FOR PRODUCTION IN AID OF EXECUTION

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 69(a), Fed. R. Civ. P. 34, and Fla. R. Civ. P. 1.560(a), request that Plaintiff/Judgment Debtor, FLAVA WORKS, INC. ("FLAVA") produce and permit Judgment Creditors to inspect and copy, within the time set forth in the Rule, the documents set forth in the schedule attached hereto.  The purpose of the request is to aid in the execution of the judgment in this action, and to locate FLAVA's assets.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2015, the foregoing document is being served via electronic mail on the following attorneys for Plaintiff:

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134

1

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190


By:      /s/ John F. Bradley
         John F. Bradley, Esq.
         Fla. Bar No. 0779910
         jb@bradlegal.com

2

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "Plaintiff," "you," and "your" shall mean and include all officers, agents, attorneys, employees, heirs, assigns, directors, related companies, successors in interest, parent companies, or representatives of Plaintiff/Judgment Debtor, FLAVA WORKS, INC.

2.      As used herein, the term "Defendants" shall include all officers, agents, attorneys, employees, heirs, assigns, owners, directors, or representatives of Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual.

3.      As used herein, the term "document" shall include, without limitation, all documents within your custody, possession, or control, including but not limited to, any written, printed, recorded, taped, electronic, graphic or other tangible matter, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, releases, agreements, contracts, pamphlets, studies, minutes of meetings, recordings, or other memoranda of any type or personal or telephone conversations, meetings or conferences (including but not limited to telephone bills and long-distance charge slips) reports, analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, electronic mail, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, canceled or un-canceled checks or drafts, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers,

3

periodical or magazine materials, books, memoranda, reports, records, invoices, labels, writings, displays, photographs, specimens, advertisements, illustrative materials, magnetic recording tapes, microfilms, databases, diskettes, other storage means by which information is retained in retrievable form, and other materials, documents and things, whether printed, typewritten, handwritten, recorded or reproduced by any digital or mechanical process, and any material underlying, supporting or used in the preparation of any documents.

4.      Documents "relating", "referring" or that "refer" or "relate" to any given subject shall mean, without limitation, any document that, in whole or part, constitutes, comprises, contains, shows, embodies, reflects, refers to, identifies, states, pertains directly or indirectly to, or is in any way relevant to the particular subject matter identified.

5.      "Identification" or "identify" when referring to a document, shall mean to set forth the author or originator, addressee(s), signator, date, title or subject matter and the present custodian of the original thereof or, if unknown, the present custodian of any copy thereof and the last known address of each custodian.

6.      The word "identify" or "state,"

   a.   when used with reference to an individual person, means to state his full name, his position and business affiliation at that time referred to, his last known position and business affiliation and his last known residence and business addresses;

   b.   when used with reference to a firm, partnership, corporation, association or other business enterprise, means to state its full name and address; and

   c.   when used with reference to a writing, means

      i.   to state its date, author, addressee, recipient, type (e.g., book, record, letter, memorandum, etc., or some other means of identifying it),

4

      ii.  to state its present location and custodian, and

      iii.  either to state the substance thereof or to annex to, and incorporate in, the answers to this Requests for Production a true and correct copy thereof.

7.      The term "address" means the last known address of the person or entity.

8.      The singular shall include the plural and the plural shall include the singular.

9.      Masculine, feminine or neuter pronouns shall not exclude other genders.

10.      The terms "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the Requests for Production all responses which might otherwise be construed to be outside its scope.

11.      The Requests for Production contained herein shall be deemed to be continuing in nature and shall include information described herein which is discoverable after any initial compliance herewith, which later discovered information shall be produced in accordance with this Requests for Production within 30 days after its discovery.

12.      If Plaintiff objects to any of the within Requests for Production on the grounds of privilege or work product, or for any other reason, with respect to each such Requests for Production, state: (1) the identity of the person having knowledge of said information; (2) the basis upon which said information is being withheld; and (3) a log of all documents containing or relating to the subject matter of the Requests for Production.

13.      Unless otherwise specifically referenced in the request, the time period for each is from January 1, 2010 to the date of the request.  If a request overlaps a prior request, please refer to the specific paragraph number of the prior response.

5

## DOCUMENT LIST

1.    Copies of all documents evidencing Plaintiff's alleged intention "to relocate entirely to Illinois due to a settlement agreement with the Internal Revenue Service," including, without limitation, the subject agreement and related documents.

2.    Copies of all documents evidencing when Plaintiff's CEO, Phillip Bleicher, will or may be in Florida, and the duration of his visit(s), within the next year.

3.    Copies of all income tax returns filed on behalf of Plaintiff or for any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner or beneficiary, in whole or in part, for the last five (5) calendar years prior to the filing of this request.

4.    All canceled checks, check books, bank statements, bank ledgers, check books, passbooks, and any other document related to checking accounts, savings accounts, money market accounts, IRAs, Keogh accounts, and any other financial or bank account held in Plaintiff's name, held in any trust, corporation, LLC, partnership or other legal entities name of which Plaintiff is an owner, partial owner, officer, director, member, beneficiary or shareholder, jointly held with any other individual or entity, or any other account on which Plaintiff is a signatory for the period of five (5) years prior to the service of this request.

5.    Any and all cash receipts and cash disbursement ledgers and journals of Plaintiff for any transaction, including for any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, beneficiary or shareholder, or transaction jointly entered into with any other person for the period beginning five (5) years prior to service of this request.

6.    All financial, business, and property records and all other papers, passbooks, record books and books of accounts which tend to disclose the extent and nature of all financial

6

interests, property and property rights previously or presently owned by Plaintiff, by any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, beneficiary or shareholder or held jointly with any other person.

7.      Any and all books, records, or documents evidencing ownership of real, personal or intangible property by Plaintiff, by any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, beneficiary, or shareholder, or held jointly with any other individual or entity, for the period beginning five (5) years prior to service of this request.  This request includes but is not limited to deeds, warranty deeds, quitclaim deeds, mortgages, titles to automobiles and other vehicles or vessels, deeds of trust, and copyright, trademark and patent certificates.

8.      Copies of all lease agreements with any individual or entity that leases any property from Plaintiff, whether individually, corporately, or jointly with any other individual or entity, or any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, beneficiary or shareholder.

9.      Bills of sale or any other written document concerning the purchase or sale of personal or real property valued over five hundred dollars ($500.00) U.S.D. by Plaintiff or by any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner or beneficiary for the past three (3) years from the date of this request.

10.     Any statement or document provided to Plaintiff in the last three (3) years regarding any interest Plaintiff or any trust, corporation, LLC, partnership or other legal entity Plaintiff is an owner, partial owner, officer, director, member, beneficiary, or shareholder, may have in any stocks, bonds, or government securities.

7

11.     Copies of all financial statements Plaintiff, or any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, beneficiary, or shareholder has provided to any person, institution, or other entity during the last five (5) years.

12.     All stock certificates, including copies of any stock brokerage accounts maintained in the last five (5) years preceding the date of this request, or other evidence of ownership of stocks, bonds, or other securities held by Plaintiff, by any trust, corporation, LLC, partnership or other legal entity of which Plaintiff t is an owner, partial owner, beneficiary, officer, director, beneficiary, member, or shareholder, or held jointly with any other individual or entity.

13.     Documents regarding all internet domain names, or other records or registrations evidencing ownership by Plaintiff of any domain name within the last five (5) years,  including ownership by any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, or shareholder, beneficiary, or jointly with any other party.

14.     Copies of pleadings and settlement documents in which Plaintiff is named as a Plaintiff or Defendant filed in any District, County, or Circuit Court for the last ten (10) years, excluding the current litigation between Plaintiff and Defendants.

15.     The latest available balance sheet and other financial statements in the possession of Plaintiff for the past three (3) years with respect to any and all business enterprises of whatever nature in which Plaintiff  possesses any ownership interest, whether as partner, joint venturer, stockholder, member or otherwise.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

16.     The accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to Plaintiff, or to by any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, or shareholder, beneficiary, and the amounts of such indebtedness.

17.     Copies of all corporate liquidation tax returns filed on behalf of Plaintiff or for any trust, corporation, LLC, partnership or other legal entity of which Plaintiff is an owner, partial owner, officer, director, member, or shareholder, beneficiary.

18.     Any document or other written statement or communication to or concerning Plaintiff, or any of Plaintiff's officers, employees, or attorneys which relate to any interest in the administration of the estate of any deceased person.

19.     All of the records of Plaintiff pertaining to the transfer of any money or property interest or financial interest made by Plaintiff in the last two (2) years.

20.     Copies of the partnership or corporate income tax returns, including all attachments and schedules, for any partnership or corporation in which Plaintiff possessed or presently possesses any ownership interest in, whether as partner, joint venturer, stockholder, member or otherwise, for the last five (5) calendar years.

21.     Copies of all your copyright registrations.

22.     Copies of all transfers of any interest in your copyrights, including, without limitation, licensing agreements.

23.     Copies of all documents evidencing your ownership of any and all intellectual property.

24.     Copies of any loans or security interests in any intellectual property owned by you.

25.     Copies of all documents evidencing the ownership of the copyrights claimed to be owned by you or Phillip Bleicher, and alleged to have been infringed by Defendants in this action or any other action between you and Defendants herein.

26.     Copies of any production or work-for-hire agreements related to the copyrights claimed to be owned by you or Phillip Bleicher, and alleged to have been infringed by Defendants in this action or any other action between you and Defendants herein.

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160