**EXHIBIT "E"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23208-CIV-LENARD/GOODMAN

FLAVA WORKS, INC.,

    Plaintiff,
vs.

A4A RESEAU, INC., A4A NETWORK, INC.,
And MARC PARENT,

    Defendants.
_____/

**REPLY IN SUPPORT OF MOTION TO COMPEL A DISCOVERY RESPONSE TO FIRST REQUEST FOR PRODUCTION IN AID OF EXECUTION**

Defendants/Judgment Creditors, A4A RESEAU, INC., a foreign corporation, A4A NETWORK, INC., a foreign corporation, and MARC PARENT, a foreign individual (collectively, the "Judgment Creditors"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 37(a) and 69(a)(2), and S.D. Fla. L.R. 26.1(i), hereby file this Reply in Support of Motion to Compel a Discovery Response to First Request for Production in Aid of Execution ("Motion") [DE-60], and in support thereof, state:

**I.**   **Response [DE-64] Was Untimely**

    1.     Judgment Creditors' Motion was filed on July 24, 2015.

    2.     Therefore, pursuant to S.D. Fla. Local Rule 7.1(c), Plaintiff/Judgment Debtor FLAVA WORKS, INC. ("FLAVA")'s response thereto was due no later than August 10, 2015.

    3.     Although this Court did not grant FLAVA an enlargement of time to file its opposition brief, FLAVA filed its response on August 13, 2015 [DE-64] ("Response").

    4.     FLAVA's Response was therefore untimely.

1

5. This is not FLAVA's first untimely response. *See* Order [DE-36] ("Due to Plaintiff's failure to timely respond or show cause why the Court should not award Defendants attorneys' fees, on March 5, 2015, the Court granted Plaintiff's Motion for Attorneys' Fees."); *see also* FLAVA's response [DE-63] along with the Judgment Creditors' contemporaneously filed reply addressing same.

6. Pursuant to S.D. Fla. Local Rule 7.1(c), failure to timely serve an opposing memorandum "may be deemed sufficient cause for granting the motion by default."

7. "A party's failure to timely file an opposition in compliance with Local Rule 7.1(C) can serve as a basis for sanctions." *Mana Internet Solutions, Inc. v. Internet Billing Co., LLC*, 2007 WL 1455973, FN-2 (S.D. Fla. May 16, 2007).

8. "Absent a pattern of delay, willful contempt, or contumacious conduct this Court does not agree that four days justifies depriving the Plaintiff of his day in court." *Hurtado v. Aramarkcorp.*, 2014 WL 4907478, *2 (S.D. Fla. September 30, 2014) (plaintiff filed its response to a motion to dismiss four (4) days after it was due).

9. FLAVA has exhibited a pattern of delay, and should therefore be sanctioned for its conduct as this Court deems just and proper.

**II. Response [DE-64] Is Substantively Deficient**

10. Judgment Creditors currently hold a judgment against FLAVA in the amount of $28,060.57 [DE-46], which FLAVA has been admittedly refusing to satisfy [DE-61-6].

11. FLAVA has been using various delay tactics in an attempt to (1) avoid paying the judgment, and (2) cause Judgment Creditors to "continue to pay outrageous and unnecessary legal fees." [DE-61-1].

*Bradley Legal Group, P.A.*, 15 Northeast 13th Avenue, Fort Lauderdale, FL 33301 (954) 523-6160

12. On June 19, 2015, Judgment Creditors served their First Request for Production in Aid of Execution ("Request") [DE-60-1] via e-mail on FLAVA's only counsel of record at the time, namely, Matthew Zukowsky, Esq. A true and correct copy of the email is attached as ***Exhibit "A"*** hereto.

13. FLAVA's response, objection, and/or request for an extension of time to respond to the Request were due on July 23, 2015.

14. When Judgment Creditors received no response, objection, or request for an extension of time to respond to the Request, on July 23, 2015, the undersigned counsel's office emailed FLAVA's only counsel of record at the time, Matthew Zukowsky, to inquire whether a response to the Request was forthcoming, or whether a motion to compel would be necessary. *See **Exhibit "A"*** hereto.

15. FLAVA's counsel of record, Matthew Zukowsky, failed to respond in any manner to the email or the Request.

16. Mr. Zukowsky has not moved to withdraw as FLAVA's counsel in this matter.

17. On July 23, 2015, at 7:09 p.m., after the close of business, the undersigned received a lengthy email from Joshua Sheskin, FLAVA's counsel on another matter among the parties presided by Judge Cooke, regarding the subject Request as well as the undersigned's attempt to confer in good faith in connection with Judgment Creditors' Motion For Proceedings Supplementary [DE-61]. Mr. Sheskin was clearly confusing the subject action with the action presided by Judge Cooke, and also demanding another copy of the Request. The undersigned requested that Mr. Sheskin enter an appearance in the subject matter.

18. On July 24, 2015, past FLAVA's response deadline, and as the undersigned was preparing to file the Motion, Mr. Sheskin filed his Notice of Appearance [DE-59].

3

19. Responsive thereto, the undersigned emailed another copy of the Request to Mr. Sheskin.

20. Aside from FLAVA's attempt on July 24, 2015, to bargain for consent to FLAVA's untimely objections to the Request, FLAVA has failed to-date to provide ***any*** responses thereto, a single document requested, or even a partial compliance, through any of its counsel of record. FLAVA then alleged that it "is willing to agree to produce answers and objections within ten days of any court order." *See* [DE-64] at ¶12. At the time of this response, some thirty (30) days later, FLAVA has still not delivered the documents and responses. These undisputed facts make it clear that FLAVA is not interested in cooperating and/or complying with the Request, but is rather simply delaying its response and production to which the Judgment Creditors are entitled, is attempting to circumvent execution by the Court upon FLAVA's property, including its intellectual property, and/or otherwise satisfying the judgment, and is further unnecessarily multiplying the proceedings primarily to Judgment Creditors' detriment, especially since its "legal team is on contingency. Yep!" [DE-61-6]. This intentional action is in bad faith, plainly and simply.

21. FLAVA's action is an attempt to hide from the Court the assets upon which Judgment Creditors seek to execute, including FLAVA's intellectual property which specifically includes, without limitation, the following:

    (a) U.S. Copyright Registration No. PA0001668012 for a motion picture titled "FlavaMen Senior Year," see ***Exhibit "B"*** hereto;

    (b) U.S. Copyright Registration No. VA0001861558 for visual material titled "Cocodorm.com 2010," see ***Exhibit "B"*** hereto;

(c) U.S. Copyright Registration No. VA0001861561 for visual material titled "FlavaMen.com 2010," see *Exhibit "B"* hereto; and

(d) Possibly other copyright registrations or unregistered copyrights, as determined upon Judgment Debtor's answers to Judgment Debtors' First Request for Production in Aid of Execution dated June 19, 2015.

22. Judgment Creditors have filed their Motion for Proceedings Supplementary in order to fully and properly vet out all of FLAVA's assets subject to execution [DE-61].

23. FLAVA's alleged "all possible assistance and cooperation to help Defendant obtain the information pertinent to this matter" by FLAVA and "unnecessary accumulation of attorneys' fees" by Judgment Creditors are clearly refuted by (1) FLAVA's Motion for Extension of Time to file its meritless Response [DE-53] after it was ordered to respond within seven (7) days [DE-52]; (2) FLAVA's Response in Opposition to Motion to Compel FLAVA to Complete Form 1.977 [DE-56] which resulted in this Court ordering FLAVA to complete the Form 1.977 within forty-five (45) days of the Order [DE-58]; and (3) FLAVA's recent opposition to Motion for Proceedings Supplementary, Motion for Reconsideration, "& Objecting to Specific Production in [D.E.61-1]" [DE-63], particularly in light of this Court's prior rulings following FLAVA's several meritless and/or unnecessary filings [DE-26, 36, 43, 58].

24. Judgment Creditors' Motion requests that FLAVA be compelled to respond to the Request fully and adequately within ten (10) days. FLAVA is precluded from asserting its objections, in light of FLAVA's untimely Response to the Request and its failures to respond to Judgment Creditors' inquiries regarding the whereabouts of FLAVA's Responses. *Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 518 (S.D. Fla. April 24, 2009) (citing *Pitts v. Francis,* 2008 WL 2229524, *2 (N.D. Fla. May 28, 2008) ("noting that the

5

Advisory Committee Notes to Rule 34, Fed.R.Civ.P., explain that Rule 34's requirement that objections be made timely and stated with reasons 'is essentially the same as that in Rule 33' that provides that '[a]ny ground [for an objection to an interrogatory] not stated in a timely objection [*i.e.,* thirty days] is waived unless the court, for good cause, excuses the failure.'")

25. "There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." *Lane v. Guaranty Bank*, 2013 WL 4028185, *1 (M.D. Fla. August 7, 2013) (quoting *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.,* 258 F.R.D. 149, 156 (S.D.Tex.2009)). *See also Siddiq v. Saudi Arabian Airlines Corp.,* No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485 *3 (M.D. Fla. Dec.7, 2011) (stating that a party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel).

26. FLAVA has not responded or timely objected to the Request, and more than thirty (30) days have passed since Judgment Creditors served their requests.[1] "Consequently, [FLAVA has] waved any objections [it] may have to the. . . Request for Production." *Lane*, 2013 WL 4028185 at *2.

27. Moreover, FLAVA should be sanctioned for its conduct by way of this Court's order which would permit an expedited satisfaction of the judgment, bypass further gamesmanship by FLAVA, and allow Judgment Creditors to seize FLAVA's certain intellectual

---

[1] FLAVA's filing [DE-63] at pp. 18-19 includes misplaced and untimely objections to the Request "because of the overly broad scope included in "Definitions and Instructions" Number Thirteen [which] asks for a scope of about four years beyond what is relevant, some requests ask for even longer than that, and are also objectionable." FLAVA further objects therein to specific items from the Request, namely, nos. 3-16, 19, 20, and 22. As explained above, FLAVA is precluded from asserting its objections.

6

property to satisfy the outstanding judgment, along with any other reasonable fees and costs Judgment Creditors are entitled to in connection with their post-judgment collection efforts, including this Motion, discovery, Motion for Proceedings Supplementary [DE-61] and FLAVA's Motion for Reconsideration [DE-63].

28.  Judgment Creditors have requested their reasonable expenses incurred in making their Motion, including attorney's fees, as required by Fed. R. Civ. P. 37(a)(5)(A) or Rule 37(a)(5)(C), and are entitled thereto because (1) they filed their Motion after attempting in good faith to obtain the discovery without court action and were unable to; (2) FLAVA's failure to respond was not substantially justified; and (3) FLAVA has not established any other circumstances which would make an award unjust. Judgment Creditors' Motion for Proceedings Supplementary [DE-61] also includes a request for fees and costs pursuant to § 56.29(11), Fla. Stat.

WHEREFORE, Judgment Creditors respectfully request that this Court sanction FLAVA for its untimely Response, deem its objections as untimely, compel it to fully and adequately respond, without objections, to the Request within ten (10) days, immediately seize its intellectual property in order to satisfy the judgment along with any other fees and costs this Court may award to the Judgment Creditors, and award Judgment Creditors their reasonable post-judgment expenses, including costs and attorney's fees incurred in connection with this Motion, Motion for Proceedings Supplementary [DE-61], and FLAVA's Motion for Reconsideration [DE-63], and grant Judgment Creditors any other relief this Court deems just and proper under the circumstances.

//

//

Dated: August 24, 2015.  Respectfully submitted,

**BRADLEY LEGAL GROUP, P.A.**
*Counsel for Defendants/Judgment Creditors*
15 Northeast 13th Avenue
Fort Lauderdale, Fl 33301
Tel: (954) 523-6160
Fax: (954) 523-6190

By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

# CERTIFICATE OF SERVICE
# OF ELECTRONIC FILING GENERATED BY CM/ECF

I HEREBY CERTIFY that on this 24th day of August, 2015, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System, or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

By:   /s/ John F. Bradley
      John F. Bradley, Esq.
      Fla. Bar No. 0779910
      jb@bradlegal.com

# SERVICE LIST

Matthew Zukowsky, Esq.
matthew.zukowsky@gmail.com
*Attorney for Plaintiff*
Matthew H. Zukowsky, P.A.
4770 Biscayne Blvd., Ste. 700
Miami, FL 33137
Tel: (561) 445-9471
**Service via CM/ECF**

Ursula Christie Jackson, Esq.
Ujacksonlaw@aol.com
*Attorney for Plaintiff*
The Law Office of Ursula C. Jackson, PLLC
2525 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (855) 218-8456
**Service via CM/ECF**

Joshua H. Sheskin, Esq.
JHS@SheskinLaw.com
Service@SheskinLaw.com
*Attorney for Plaintiff*
The Sheskin Firm
9424 SW 52nd Street
Cooper City, FL 33328
Tel: 786-529-0420
Fax: 786-332-5349
**Service via CM/ECF**